# FRANCISCO LUIS BATTISTINi
*v.*
## JOSE S. BELAVAL.

### JURISDICTION—CITIZENSHIP.

1. Under the French law one may denationalize himself by acquiring a foreign domicil; and by the Spanish law one may become a Spanish citizen by acquiring a domicil.
2. Domicil is mainly a question of intention; and the declaration of the party should control unless overthrown by his acts.
3. The citizenship of the child follows that of the parent.

December 18, 1903.

*Messrs. Horton & Cornwell* for plaintiff.

*Messrs. Mott & Belaval* for defendant.

HOLT, Judge, delivered the following opinion:

The plaintiff, Francisco Luis Battistini, sues in this court upon the ground that he is a citizen of France, but residing in Porto Rico. This, the defendant, José S. Belaval, denies, and avers that the plaintiff is a citizen of Porto Rico; and that therefore this court has no jurisidiction.

Testimony has been heard, from which it appears, in substance, that the father of the plaintiff, the latter being now twenty-six years of age, is a Frenchman by birth, and has always

claimed to be a citizen of France, but has resided in Porto Rico for over thirty years, returning to France occasionally, and having stayed there once as long as a year with his family. The condition of the child, follows that of the parent as to citizenship. The plaintiff has always resided in Porto Rico, save some eight or nine years in France, and a while in the United States, but has always claimed to be a French subject, and is registered for military service as such. There is evidence tending to show that the officers of both the French and the Spanish governments have treated and recognized him as a French subject.

Under the French law, a citizen of that country may denationalize himself by acquiring a domicil in a foreign country; and under the Spanish law, a person may become a citizen of Spain by acquiring a domicil within its dominions. It is urged that the plaintiff has acquired this by his long residence in Porto Rico; and that, having become a Spanish subject, upon the acquisition of Porto Rico by the United States, the plaintiff, having failed to retain his Spanish citizenship by the proper steps to do so, in accordance with the treaty of peace, has become and is a Porto Rican; and therefore cannot maintain this action.

Many definitions may be found of a domicil. One may have a civil and also a commercial domicil. One writer defines a civil domicil as the place where one has resided, and as to which he retains the intention of residence, though he in fact no longer lives there. It is mainly a question of intention. The declaration of the person must control unless overthrown by his acts. To work a change of domicil there must be a residence in a new locality with an intention to permanently remain there. It is shown that neither the plaintiff nor his father has ever

Battistini v. Belaval.

exercised any political rights in Porto Rico, and that both have always claimed French citizenship.

The truth of this is strongly confirmed by the action of both the French and Spanish governmental officers. The law favors the presumption of a continuance of the domicil of a person; and my conclusion, from all the circumstances shown, is that the plea should not be sustained. It is, therefore, overruled.